UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| $1,093.93, $601.87 and<br>$1,255,313.26 in U.S. Dollars,<br>Defendants. | §<br>§<br>§<br>§ | |

## VERIFIED COMPLAINT FOR CIVIL FORFEITURE
## IN REM AND NOTICE TO POTENTIAL CLAIMANTS

The United States of America, Plaintiff, files this action for forfeiture in rem against the sums of $1,093.93, $601.87 and $1,255,313.26 in U.S. currency. The United States alleges on information and belief as follows:

### THE DEFENDANT PROPERTIES

1. In July 2013, the $1,257,009.06 in total funds were seized from three Wells Fargo bank accounts. The seized funds are the proceeds of a scheme to defraud Westlake Chemical Corporation and affiliated companies ("Westlake") by diverting payments Westlake owed to a contractor. Fraudulent emails that appeared to come from the contractor convinced Westlake's Accounts Payable department to re-direct invoice payments to a bank account controlled by the

1

wrongdoers, who subsequently transferred the money to two other bank accounts. The seized funds (hereinafter, the "Defendant Properties") are described as follows:

    (a)    $1,093.93 in United States currency seized from a bank account with an account number ending in 6780 (the "First Account") at Wells Fargo Bank;

    (b)    $601.87 in United States currency seized from a bank account with an account number ending in 6293 (the "Second Account") at Wells Fargo Bank; and

    (c)    $1,255,313.26 in United States currency seized from a bank account with an account number ending in 8807 (the "Third Account") at Wells Fargo Bank.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this case pursuant to 28 U.S.C. §§1345 and 1355 because this is a civil forfeiture action brought by the United States pursuant to federal law. The Defendant Property was seized pursuant to federal warrant, and the funds are being held in the custody of the United States Marshals Office.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355 and 1395 because acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas and because this forfeiture action accrued in the Southern District of Texas.

## STATUTORY BASIS FOR FORFEITURE

4. This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in [18 U.S.C. § 1956(c)(7)]), or a conspiracy to commit such offense." Wire fraud (18 U.S.C. § 1343) is "specified unlawful activity" pursuant to 18 U.S.C. § 1956(c)(7). A conspiracy to commit wire fraud is a violation of 18 U.S.C. § 1349.

5. With regard to civil forfeiture of fungible property such as money in a bank account, 18 U.S.C. § 984 provides that funds deposited in an account in a financial institution that are found in the same account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture so long as the action is commenced within one year from the date of the offense.

6. The Defendant Properties are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C), both directly and through application of Section 984, as property which constitutes or is derived from proceeds traceable to specified unlawful activity, including wire fraud (18 U.S.C. § 1343).

## FACTS

7. Westlake operates several chemical plants, two of which are

3

undergoing expansion work. Westlake hired a contractor (referred to here as "Contractor A") to do the engineering design work for those two plants. Westlake received legitimate invoices from Contractor A and its related companies, and Westlake's initial practice of payment was to send a check to Contractor A's offices in Houston, Texas.

8. In March 2013, Westlake's Accounts Payable department in Houston, Texas, received an email that appeared to come from an employee of Contractor A. The email provided bank information and directed that invoice payments be made to the First Account at Wells Fargo.

9. Westlake's Accounts Payable department complied with the emailed instructions. As a result of the fraudulent email, Westlake set up payments to be deposited into the First Account by electronic funds transfers processed through ACH (Automated Clearing House). ACH transfers are a secure payment method that uses interstate wire communications.

10. Prior to discovering the fraud, Westlake made ACH payments into the First Account for various invoices totaling more than $1.3 million.

11. All of the ACH payments were initially deposited into the same Wells Fargo bank account, the one with an account number ending in 6780 (the "First Account"). There were various transfers and withdrawals from the First Account,

4

but there were only two deposits that did not come from Westlake, one in the amount of $1,800.00 and one in the amount of $1,213.00. Through application of Section 984, the United States alleges that the entire amount on deposit in the First Account at the time of seizure ($1,093.93) was subject to forfeiture.

12. Much of the fraudulent proceeds in the First Account were subsequently transferred into the Second Account and the Third Account. There were some smaller transfers from the Second Account back into the First Account.

13. At the time of the first transfer of fraudulent proceeds from the First Account into the Second Account, the Second Account had a balance of just $1,615.19. All subsequent deposits to the Second Account were transfers of fraudulent proceeds from the First Account. After a bill of more than $5,000 was paid on May 20, 2013, the initial balance of $1,615.19 was exhausted, leaving only the stolen Westlake money in the account.

14. The Third Account was opened in May 2013. The only deposits (other than interest payments) ever made to the Third Account were transfers of stolen Westlake money from the Second Account.

15. None of the three Wells Fargo accounts belongs to Contractor A.

16. On or about July 12, 2013, the funds on deposit in all three accounts were seized as the proceeds of wire fraud.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED that if you assert an interest in the property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, and a copy must be served upon the undersigned Assistant United States Attorney at the address provided in this complaint.

## PRAYER

The United States seeks the civil judicial forfeiture of the Defendant Properties because they constitute or are derived from proceeds traceable to wire fraud. The United States of America requests that judgment of forfeiture to the

United States be decreed against the Defendant Properties, and that the United States have any other relief to which it may be entitled.

> Respectfully submitted,
>
> KENNETH MAGIDSON
> United States Attorney
> Southern District of Texas
>
> By:   s/Kristine E. Rollinson
> Kristine E. Rollinson
> SDTX Federal No. 16785
> Texas State Bar No. 00788314
> Assistant United States Attorney
> 1000 Louisiana, Suite 2300
> Houston, Texas 77002
> Telephone (713) 567-9000

## VERIFICATION

I, James Hawkins, Special Agent with the Federal Bureau of Investigation, declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 1 and 7-16 of the Complaint are based upon my personal knowledge, upon information obtained from other law enforcement personnel, or upon information I obtained in the course of my investigation. Those facts are true and correct to the best of my knowledge and belief.

Executed on the 30TH day of August 2013.

James Hawkins
Special Agent
Federal Bureau of Investigation